UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| Pujan Patel and Juan Barbosa, *on behalf of themselves and all others similarly situated*<br><br>Plaintiff,<br>v .<br>Wendy's International, LLC, *c/o United Agent Group, Inc. 119 E. Court St. Cincinnati, OH, 45202*<br><br>Defendant. | Case No.<br><br>Judge.<br><br>**CLASS ACTION** |

Plaintiffs Pujan Patel and Juan Barbosa bring this class action against Defendant, Wendy's International, LLC ("Wendy's"), seeking all available relief under the Illinois Wage Payment and Collection Act ("IWPCA"), and allege as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 115/1 *et seq*. and Fed. R. Civ. P. 23 for Defendant's failure to reimburse Plaintiff and other similarly-situated employees for all of the expenses associated with complying with Wendy's uniform policy.

2. Plaintiffs and the Class Members are current and former employees of Wendy's. Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former employees who worked for Defendant at one of its Wendy's restaurants in Illinois between January 1, 2019 and the final resolution of this matter.

1

3. Under the IWPCA, "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5(a). Wendy's violated the IWPCA by failing to adequately reimburse Plaintiff and the IWPCA Class Members for the uniforms necessary to perform their job duties for Wendy's.

## JURISDICTION AND VENUE

4. This is a Class Action Complaint for violations of the Illinois Wage Payment and Collection Act brought pursuant to Fed. R. Civ. P. 23.

5. Venue is proper in this Court because Defendant is a resident of this district.

6. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, Defendant is domiciled outside of Illinois and the amount in controversy exceeds $75,000.

7. This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

8. At all relevant times, Plaintiffs and the proposed Class were residents of the state of Illinois and the violations of the IWPCA as detailed herein occurred while Plaintiffs and the proposed Class were located in Illinois.

9. At all relevant times, Wendy's has been domiciled in Ohio.

10. At all relevant times, Wendy's has purposefully availed itself of the privilege of conducting business in Illinois and purposefully directed its activities at Illinois.

## PARTIES

11. At all times material to the matters alleged in this Complaint, Plaintiffs were individuals residing in Illinois, and are former employees of Wendy's.

12. Plaintiff Patel was employed by Wendy's as a crew member from approximately August, 2018 through approximately January, 2020 at its restaurant located at 3700 Touhy Ave., Skokie, IL.

13. Plaintiff Barbosa was employed by Wendy's as a crew member in 2022 at its restaurant located at 104 N. Center St., Joliet, IL 60435.

14. The Class Members are all current and former crew members and managers who worked for Wendy's in Illinois at any point since January 1, 2019.

15. Under the IWPCA, Wendy's is an employer pursuant to 820 ILCS 115/2.

16. At all material times, Plaintiffs and the Class Members were employees of Wendy's who worked in Illinois.

## FACTUAL ALLEGATIONS

17. At all relevant times, Plaintiffs and the IWPCA Class Members work to meet the day-to-day customer service needs of Wendy's.

18. In other words, without Plaintiffs and the IWPCA Class Members, Wendy's would have little to no customer service and would not be able to operate as a profitable business.

19. At all relevant times, Wendy's has imposed strict uniform requirements upon Plaintiff and the IWPCA Class Members.

20. At all relevant times, Wendy's has failed to reimburse Plaintiff and the IWPCA Class Members for all of the cost associated with their compliance with the uniform requirements.

21. At all relevant times, Wendy's uniform requirements were for Wendy's benefit.

22. Rather than providing uniforms for Plaintiffs and the IWPCA Class Members, Wendy's passed along expenses related to providing the uniforms to Plaintiffs and the IWPCA Class Members.

## **RULE 23 CLASS DEFINITIONS AND ALLEGATIONS**

23. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

24. Plaintiffs bring Claims for Relief for violations of the IWPCA as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiffs bring these claims on behalf of themselves and all members of the following Class Members:

> **Current and former employees of Wendy's who worked at a Wendy's restaurant in Illinois at any time from January 1, 2019 up to the present who paid for a uniform.**

**Numerosity (Rule 23(a)(1)).**

25. The Class is so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Wendy's employed greater than one hundred people who satisfy the definition of the Class.

   a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

26. Common questions of law and fact exist as to the Plaintiffs and the members of the IWPCA Class including, but not limited to, the following:

   a. Whether Wendy's failed to adequately reimburse the IWPCA Class Members for the costs of performing their job duties remotely in their work for Wendy's.

   b. The damages sustained and the proper measure of restitution recoverable by members of the Class.

   b. **Typicality (Rule 23(a)(3)).**

27. Plaintiffs' claims are typical of the Class Members' claims. Plaintiffs, like other class members, were subjected to Wendy's illegal scheme to maximize profits by failing to make adequate expense reimbursements.

### c. Adequacy (Rule 23(a)(4)).

28. Plaintiffs will fairly and adequately represent and protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

29. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Wendy'a acted or refused to act on grounds generally applicable to the members of Class, making appropriate declaratory relief with respect to the members of the Class as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

30. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Class predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Wendy's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Wendy's practices.

31. Plaintiff intends to send notice to all members of the Class Members to the extent required by Rule 23.

## COUNT ONE: ILLINOIS WAGE PAYMENT AND COLLECT ACT UNLAWFUL EXPENSE REIMBURSEMENTS

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. Under the IWPCA, "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5(a). Wendy's violated the IWPCA by failing to adequately reimburse Plaintiff and the IWPCA Class Members for the expenses necessary to perform their job duties for Wendy's.

34. At all relevant times, Wendy's has imposed strict uniform requirements upon Plaintiff and the IWPCA Class Members.

35. At all relevant times, Wendy's has failed to reimburse Plaintiff and the IWPCA Class Members for all costs associated with the uniforms.

36. At all relevant times, the uniforms required by Wendy's was for Wendy's benefit.

37. As a result, Wendy's has intentionally failed and/or refused to pay Plaintiff and the IWPCA Class Members according to the provisions of the IWPCA.

38. Wendy's has willfully failed and/or refused to pay Plaintiff and the IWPCA Class Members according to the provisions of the IWPCA.

39. Although at this stage, Plaintiff and the IWPCA Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the IWPCA Class Members believe that such information will become available during the course of discovery.

40. As a result of Wendy's failure or refusal to adequately reimburse Plaintiff and the IWPCA Class Members for all of their uniform expenses necessary to perform their job duties for Wendy's, Wendy's violated 820 ILCS 115/9.5(a).  Plaintiff and the IWPCA Class Members are therefore entitled to payment of all unreimbursed expenses, plus statutory damages and interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Pujan Patel and Juan Barbosa, on behalf of themselves and all other similarly situated persons, request that this Court grant the following relief in Plaintiffs' and the IWPCA Class Members' favor, and against Defendant, Wendy's International, LLC.

A. For the Court to declare and find that Wendy's committed one or more of the following acts:

   i. violated the expense reimbursement provisions of the IWPCA; and

   ii. willfully violated the expense reimbursement provisions of the IWPCA.

B. For the Court to award prejudgment and post-judgment interest on any damages awarded;

C. For the Court to award all statutory damages, interest, attorney fees and costs owed to Plaintiffs and the IWPCA Class Members under the IWPCA.

D. For the Court to award Plaintiffs' and the Class Members' reasonable attorneys' fees and costs of the action.

E. For the Court to provide a reasonable incentive award for Plaintiffs to compensate them for the time spent attempting to recover wages for the Class Members and for the risks they took in doing so; and

F. Such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

7

Plaintiffs and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  June 17, 2024.

        Respectfully submitted,

        s/ *Michael L. Fradin*
        Michael L. Fradin, Esq.
        8401 Crawford Ave. Ste. 104
        Skokie, IL 60076
        Telephone: 847-986-5889
        Facsimile: 847-673-1228
        Email: mike@fradinlaw.com

        By: /s/ *James L. Simon*
        James L. Simon
        SIMON LAW CO.
        11 ½ N. Franklin St.
        Chagrin Falls, Ohio
        Telephone: (216) 816-8696
        Email: james@simonsayspay.com