IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PUJAN PATEL, et al.,**

    **Plaintiffs,**

v.                                    **Civil Action 2:24-cv-3385**
                                           **Judge Edmund A. Sargus, Jr.**
                                           **Magistrate Judge Jolson**

**WENDY'S INTERNATIONAL, LLC,**

    **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Doc. 21).  The Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff Pujan Patel brings this action "on behalf of himself and all similarly situated current and former employees who worked for Defendant at one of its Wendy's restaurants in Illinois between January 1, 2019, and the final resolution of this matter." (Doc. 14 at ¶ 2).  Specifically, Plaintiff brings his claims under Section 9.5(a) of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/9.5(a).  (*Id.* at ¶ 3, 31–39).  This section provides that "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5(a).  In his Amended Complaint, Plaintiff alleges he was employed by Defendant as a crew member from August 2018 through January 2020 at a Wendy's store located in Skokie, Illinois.  (Doc. 14 at ¶ 12).  During that time, Plaintiff says he was subject to "strict uniform requirements" and that Defendant "failed to reimburse Plaintiff and [the proposed class members] for all of the costs associated with their compliance with the uniform requirements." (*Id.* at ¶¶ 18–19).  As such, Plaintiff brings this class action to recover those costs. (*Id.* at ¶ 39).

A month after Plaintiff filed this action, Defendant filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Docs. 1, 15). Another month after that, Defendant filed the instant Motion, seeking to stay discovery pending resolution of the dispositive motion. (Doc. 21). The Court expedited briefing on the Motion to stay, and the matter is ripe for review. (Docs. 21, 22, 23, 24).

## II. STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-cv-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). And parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-cv-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). But "as a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery" (quotation marks and citation omitted)).

In "special circumstances," however, a court may find that a discovery stay is appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery appears" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted). Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Id.* (quoting

*Bowens v. Columbus Metro. Library Bd. of Trustees*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)).  In the end, "[t]he Court . . . must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

### III.  DISCUSSION

Defendant argues a stay is warranted because (1) its motion to dismiss is likely to prevail; (2) discovery could be broad and costly; and (3) and Plaintiff will not be prejudiced by a stay.  (Doc. 21 at 3–6; Doc. 24 at 8–9).  On balance, however, the Court finds that a stay is not justified.

To begin, Defendant argues in the instant Motion and its motion to dismiss that Plaintiff has not pled enough detailed facts to survive the pleading stage.  (Doc. 21 at 3–5).  Yet as discussed, "[a]bsent a request to dismiss on the grounds of immunity or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion."  *Young v. Mesa Underwriters Specialty Ins. Co.*, No. 2:19-cv-3820, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020) (citing *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-cv-272, 2018 WL 4907080, at *2 (S.D. Ohio Oct. 10, 2018)).  Indeed, a motion to dismiss under Rule 12(b)(6) is "usually deemed insufficient" for a stay of discovery.  *Ohio Valley Bank Co.*, 2019 WL 2170681, at *2 (internal quotation omitted); *see also Charvat v. NMP, LLC*, No. 2:09-cv-209, 2009 WL 3210379, at *1 (S.D. Ohio Sept. 30, 2009).  That is because such a stay requires the Court to make an impermissible, "preliminary finding of the likelihood of success on the motion to dismiss," which "circumvent[s] the procedures for resolution of such a motion."  *Ray*, 2018 WL 4907080, at *2 (internal quotation omitted).  And "had the Federal Rules contemplated that a dispositive motion would stay discovery, the Rules would contain a provision to that effect."  *Young*, 2020 WL 7407735, at *2 (internal quotation and quotation marks omitted).

Here, Defendant's Rule 12(b)(6) motion is the type that courts usually deem lacking for the purposes of a stay.  First, no special circumstances exist to warrant a stay.  For example, Defendant

does not raise an issue, such as immunity, that "would be substantially vitiated absent a stay." *Charvat*, 2009 WL 3210379, at *2. Additionally, it is not obvious from the face of Plaintiff's Amended Complaint that the case is "utterly frivolous" or "will almost certainly be dismissed." *Ray*, 2018 WL 4907080, at *2 (internal quotation omitted). What's more, the balance of hardships weighs in favor of allowing discovery to proceed. Defendant claims that discovery will be expensive, considering that this case is a class action, so discovery should be stayed for now. (Doc. 21 at 5–6 (noting that all discovery requirements "come at a financial and administrative cost")). But Defendant has not shown how its discovery burden differs from "the same burden that nearly every defendant in this Court faces in civil litigation." *EC New Vision Ohio, LLC v. Genoa Twp.*, No. 2:23-cv-691, 2023 WL 4491768, at *2 (S.D. Ohio July 12, 2023) (internal quotation omitted); *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-cv-1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011) (denying a motion to stay discovery where the moving party made "no effort to detail the specific burdens it will face from discovery"). Additionally, Plaintiff would be prejudiced by a stay of discovery because resolution of his claims would be delayed. *See Young*, 2020 WL 7407725, at *3 (noting that plaintiffs "deserve to have their claims heard in a timely and efficient manner" and that a "stay of discovery conflicts with this goal"). And Defendant makes no attempt to show how the interests of judicial economy would be served by staying discovery in this case.

In the alternative, Defendant asks the Court to stay class discovery and allow discovery on Plaintiff's individual claim only to proceed. (Doc. 21 at 6–7). In support, Defendant argues that without limits on discovery, Plaintiff will be able to conduct a "fishing expedition into Wendy's restaurants and employees." (Doc. 21 at 7). Once more, Defendant fails to provide anything more than conclusory statements about how it will be burdened. (Doc. 21 at 7; Doc. 24 at 9); *Hamilton v. Barbourville Nursing Home, Inc.*, No. 6:23-cv-131, 2023 WL 10554450, at *2 (E.D. Ky. Oct. 2, 2023) (denying a motion to stay discovery in a class action where defendants did not show "an unusual severity of

prejudice" or a "clear case of hardship or inequity"); *SNMP Research, Inc. v. Broadcom Inc.*, No. 3:20-cv-451, 2021 WL 2636011, at *5–6 (E.D. Tenn. June 25, 2021) (declining to stay discovery and noting defendants "solely raised conclusory contentions regarding the expense and burden" of proceeding with discovery). Importantly, the Federal Rules and this District's Local Rules provide safeguards against overly burdensome discovery. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C) (discussing when courts may limit the extent of discovery); Fed. R. Civ. P. 26(c) (discussing motions for protective orders). For example, if Defendant believes that a particular discovery request is too burdensome, it can object. If, after conferring on the issue, the parties are unable to agree, they may follow the procedures outlined by the Federal Rules and this District's Local Rules for resolving discovery disputes. *See* S.D. Ohio Civ. R. 37.1 (noting parties may request informal discovery conferences "[a]fter extrajudicial means for the resolution of differences about discovery have been exhausted"). But ultimately, the Court finds Defendant has not met the good cause standard, and discovery in this matter should proceed.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Doc. 21) is **DENIED**.

IT IS SO ORDERED.

Date: October 31, 2024

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE